IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

RODNEY ELLIS,

    Plaintiff

v.                                                             C.A. No.: 1:19-cv-245

MACCOINNICH, INC., D/B/A MACKENZIE'S
PUB and, CHARLES MORTON MACKENZIE,

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RODNEY ELLIS, by and through his undersigned counsel, sues Defendants, MACCOINNICH, INC., D/B/A/ MACKENZIE'S PUB, and CHARLES MORTON MACKENZIE, and in support thereof states as follows:

**BACKGROUND FACTS**

1. Plaintiff, RODNEY ELLIS, is an individual residing in Jefferson County, Texas.

2. From 2015 through December 31, 2018, Plaintiff, RODNEY ELLIS, worked for Defendants as a line cook at the regular rate of $14.00 per hour.

3. Plaintiff's duties included the regular and recurring use of the channels of interstate commerce, e.g., processing credit/debit cards, interstate telephone calls, as well as handling goods and products that have moved in interstate commerce.

4. Defendant, MACCOINNICH, INC., D/B/A MACKENZIE'S PUB operates an Irish pub in Beaumont, Texas.

5. At all times material to this complaint, Defendant, CHARLES MORTON MACKENZIE, operated a business in Jefferson County, Texas, and Plaintiff's claims herein arose in Jefferson County, Texas.

6. Defendant, CHARLES MORTON MACKENZIE, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, MACCOINNICH, INC., in relationship to Plaintiff.

7. At all times material hereto, Defendant, CHARLES MORTON MACKENZIE, was the owner of Defendant, MACCOINNICH, INC., D/B/A MACKENZIE'S PUB.

8. At all times material hereto, Defendant, CHARLES MORTON MACKENZIE, had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work. Defendant, CHARLES MORTON MACKENZIE, would visit the business and was active in the operation of the business.

9. At all times material to this complaint, Defendant, MACCOINNICH, INC., D/B/A/ MACKENZIE'S PUB employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, MACCOINNICH, INC., D/B/A/ MACKENZIE'S PUB was an enterprise engaged in interstate

commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. At all times material hereto, Defendant, CHARLES MORTON MACKENZIE, (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the Plaintiff's rate and method of payment, (4) maintained Plaintiff's employment records; and, (5) possessed the decision making power to pay overtime owed to Plaintiff and other employees.  Thus, Defendant, CHARLES MORTON MACKENZIE, was an "employer" as defined by 29 U.S.C. § 203(d).

## **OVERTIME WAGES UNDER FLSA**

12. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty hours.  At times, Plaintiff worked up to 60 hours per workweek while employed by the Defendant, but was never paid any additional half-time premium for work performed in excess of 40 hours in a workweek.

13. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

14. Defendants had knowledge of and approved such work being performed.

15. As a result of Defendants' unlawful conduct, Plaintiff has been damaged.

16. Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

17. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

18. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for all hours worked in excess of 40 per workweek.

19. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment, against Defendants, MACCOINNICH, INC., D/B/A MACKENZIE'S PUB and CHARLES MORTON MACKENZIE, jointly and severally, for the following:

    a. Unpaid overtime wages found to be due and owing;

    b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

    c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. §216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, RODNEY ELLIS, demands a jury trial on all issues so triable.

Respectfully submitted June 6, 2019.

**ROSS • SCALISE LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com
Attorneys for Plaintiff